# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAKOTA WHEELER, #Y32576, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–02054−JPG |
| | ) | |
| MT. CARMEL POLICE DEPT., | ) | |
| WABASH COUNTY JAIL, | ) | |
| WABASH MEMORIAL HOSPITAL, | ) | |
| DERRICK MORGAN, | ) | |
| EDDIE HICKS, | ) | |
| DANIEL HOPPER, and | ) | |
| KYLE ADAMS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Dakota Wheeler, an inmate who is currently incarcerated in Graham Correctional Center, brings this action for constitutional deprivations pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that he was seriously injured during his arrest by two officers employed at the Mount Carmel Police Department, and he was subsequently denied medical treatment for his injuries at Wabash County Jail and Wabash Memorial Hospital. (Doc. 1). He seeks monetary damages. *Id*.

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations of the *pro se*

1

complaint are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In his Complaint, Plaintiff makes the following allegations: On August 10, 2018, Plaintiff was seriously injured when two officers (Daniel Hopper and Kyle Adams) from the Mount Carmel Police Department used excessive force against him. (Doc. 1, p. 4). The officers ordered Plaintiff to place his hands behind his back. At the time, he was not charged with or wanted for a crime. Plaintiff could not quickly comply with the order because of his limited mobility.[1] Without waiting for a response, the officers twisted his arm behind his back. Plaintiff screamed out in pain and instinctively jerked his arm away from the officers. He struck one of them in the process and was charged with resisting arrest and obstructing a police officer. *Id*.

Plaintiff was taken to Wabash County Jail in Mount Carmel, Illinois. (Doc. 1, pp. 5-6). For more than a month, he complained of a back injury and suspected fracture. He pleaded with Sheriff Morgan and others to take him to a hospital for emergency treatment. When a deputy[2] eventually agreed to do so in mid-September, the medical staff at Wabash Memorial Hospital refused to order x-rays. Plaintiff returned to the Jail, where he received no treatment until transferring to a new facility on October 18, 2018. *Id*.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

**Count 1:** Fourth Amendment claim against Mount Carmel Police Department, Officer Hopper, and Officer Adams for using excessive force against Plaintiff during his arrest on August 10, 2018.

---

[1] Plaintiff is a paraplegic who is bound to a wheelchair.
[2] The deputy is not named as a defendant, and Plaintiff asserts no claim against him or her.

>   **Count 2:** Fourteenth Amendment claim against Wabash County Jail, Sheriff Derrick Morgan, and Jail Administrator Eddie Hicks for denying Plaintiff adequate medical care for a serious back injury during his detention at the Jail from August 10, 2018 to October 18, 2018.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[3]

Count 1 is subject to further review against Officers Hopper and Adams. All claims that law enforcement have used excessive force during a stop, arrest, or other seizure of a free citizen are analyzed under the Fourth Amendment's reasonableness standard. *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (citing *Graham v. Connor*, 490 U.S. 386, 395-97 (1989)). What is considered reasonable or excessive in the way of force turns on the totality of the circumstances viewed from the standpoint of a "reasonable officer on the scene." *Id*. *See also Richman v. Sheahan*, 512 F.3d 876, 885 (7th Cir. 2008). The circumstances described in the Complaint support a Fourth Amendment claim against Officers Hopper and Adams at screening.

Count 2 is subject to further review against Sheriff Morgan and Jail Administrator Hicks. These individuals allegedly ignored Plaintiff's complaints regarding a serious back injury and denied his requests for medical treatment for more than a month. (Doc. 1, pp. 4-6, 9).

Defendants Mount Carmel Police Department, Wabash County Jail, and Wabash Memorial Hospital shall be dismissed from this action. None of these entities are "persons" who are subject to suit under 42 U.S.C. § 1983. Plaintiff's designation of these defendants may represent an

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

attempt to hold a municipality liable for his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). However, municipal liability under § 1983 arises from the execution of a government policy or custom that causes a constitutional injury. *Id*. Plaintiff points to no such policy or custom. All three entities shall therefore be dismissed with prejudice.

## Pending Motion

Plaintiff's Motion for Appointment of Counsel (Doc. 2) is **DENIED** without prejudice. When a *pro se* litigant submits a request for counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, whether the difficulty of the case, both factually and legally, exceeds his capacity as a layperson to present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). Plaintiff indicates that he has called and written at least three attorneys, but he has not received a response from any of them. He has not provided any evidence of his efforts to locate counsel, such as copies of his letters to attorneys. Further, Plaintiff identified no educational, language, medical, mental health, or other barriers to *pro se* litigation. The Court finds that Plaintiff appears competent to litigate this straightforward matter *pro se* at this time. However, he is free to renew his request, if it becomes necessary to do so as the case proceeds.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** will receive further review against Defendants **DANIEL HOPPER** and **KYLE ADAMS**, and **COUNT 2** will receive further review against Defendants **DERRICK MORGAN** and **EDDIE HICKS**.

**IT IS ORDERED** that Defendants **MOUNT CARMEL POLICE DEPARTMENT, WABASH COUNTY JAIL,** and **WABASH MEMORIAL HOSPITAL** are **DISMISSED** with prejudice because the Complaint states no claim against them.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **HOPPER, ADAMS, MORGAN,** and **HICKS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the

costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/14/2019**

                                                s/J. Phil Gilbert
                                                **United States District Judge**

<u>**Notice**</u>

**The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.**