IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAKOTA WHEELER, #Y32576,     )<br>                                                        )<br>           **Plaintiff,**                       )<br>                                                        )<br>vs.                                                  )<br>                                                        )<br>DERRICK MORGAN,                     )<br>EDDIE HICKS,                              )<br>DANIEL HOPPER,                        )<br>and KYLE ADAMS,                      )<br>                                                        )<br>           **Defendants.**                  ) | Case No. 18-cv-02054-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Dakota Wheeler filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 on November 6, 2018. (Doc. 1). He alleged violations of his constitutional rights incident to his arrest by officers employed at Mount Carmel Police Department and denial of medical care for his resulting injuries by Wabash County officials. (*Id.*). Plaintiff was allowed to proceed with two claims against the defendants for using excessive force against him during his arrest and for subsequently denying him medical care for his injuries. (Doc. 11). Plaintiff has since failed to prosecute his claims, and this action shall be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff has not communicated with the Court since November 2018. That month, he filed a Complaint (Doc. 1), Motion for Appointment of Counsel (Doc. 2), Motion for Leave to Proceed *in forma pauperis* (Doc. 4), and supporting Affidavit (Doc. 6). Since then, the Court has received no communication from him.

1

The Court repeatedly warned Plaintiff that this action would be dismissed for failure to prosecute his claim(s) and/or for failure to comply with a court order, if he failed to update his address. (Docs. 3, 9, and 11). Plaintiff has not provided the Court with a single notice of address change during the pending action. One or more documents mailed to Plaintiff have been returned to the Court undeliverable. (*See* Docs. 42 and 43).

He has also missed several important deadlines in this matter. This includes the deadline for responding to a Motion for Summary Judgment filed by Eddie Hicks and Derrick Morgan (Doc. 37) and a Motion for Summary Judgment filed by Kyle Adams and Daniel Hopper (Doc. 39) on June 3, 2020. Plaintiff filed no response to either motion. Both were due in July 2020.

On July 28, 2020, the Court entered an order directing Plaintiff to show cause why the Court should not construe his failure to timely respond to the two summary judgment motions as an admission of the merits of both motions and grant summary judgment for Defendants. (Doc. 44). Plaintiff was also ordered to show cause why this action should not be dismissed for failure to comply with the orders to update his address and prosecute his claims. (Docs. 3, 9, 11, and 44). The deadline for responding to the Order to Show Cause was August 11, 2020. (Doc. 44). Plaintiff did not respond. (*Id.*). Almost four months have passed since the deadline expired, and the Court has received no communication from him.

The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice based on Plaintiff's failure to comply with multiple court orders (Docs. 3, 9, 11, and 44) and his failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal

of the case with prejudice."). The pending summary judgment motions shall be dismissed, and this case closed.

## Disposition

**IT IS ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with numerous court orders (Doc. 3, 9, 11, and 44) and his failure to prosecute his claims herein. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). All pending motions (Docs. 37 and 39) are **DISMISSED** as **MOOT**. The dismissal of this action does not count as a "strike" under 28 U.S.C. § 1915(g).

**IT IS ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 12/9/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
